UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUC MAI BUI,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION FACILITY,<br>Respondent. | Case No. 1:26-cv-7690-DAD-JDP<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Petitioner was ordered removed from the United States on August 3, 2026. He is in ICE custody pending removal. Petitioner, proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241, arguing that his detention violates the law. Respondent has filed a motion to dismiss. For the following reasons, I recommend that respondent's motion be granted and that the petition be dismissed without prejudice.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a

petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner was detained by ICE starting on April 14, 2026, for removal proceedings in immigration court. ECF No. 1 at 5. On August 3, 2026, the immigration court ordered petitioner removed. ECF No. 7 at 8. Petitioner waived appeal, making his removal order final on that day. *Id.* at 9. Petitioner is in ICE custody while it works to effectuate his removal.

Petitioner claims that his immigration detention is prolonged and violates due process.[1] ECF No. 1 at 16. Although petitioner was detained by ICE on April 24, 2026 for immigration court proceedings, the detention authority shifted to 8 U.S.C. § 1231(a)(2) on August 3, 2026, with the entry of a final removal order.[2] Section 1231(a)(2) provides for a mandatory detention period of 90-days for ICE to remove petitioner pursuant to that order. *See* 8 U.S.C. § 1231(a)(1)(A). As respondent points out, petitioner is still well within that 90-day period. *See* ECF No. 7 at 2. Accordingly, I recommend that the petition be dismissed without prejudice.

**Conclusion**

Accordingly, it is hereby ORDERED that petitioner's motion to appoint counsel, ECF No. 3, is hereby DENIED.

Further, it is RECOMMENDED that:

1. Respondent's motion to dismiss, ECF No. 7, be GRANTED.

---

[1] Petitioner has moved for the appointment of counsel. *See* ECF No. 3. There currently exists no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. I do not find that the interests of justice require appointment of counsel at the present time. Petitioner's motion to appoint counsel is therefore denied.

[2] Neither party specifies under what detention authority ICE held petitioner prior to the issuance of the removal order on August 3, 2026.

2. The petition for writ of habeas corpus, ECF No. 1, be DISMISSED without prejudice. It is the court's intention that petitioner be lawfully removed as soon as practicable. If petitioner is not removed within the 90-day statutory period provided by 8 U.S.C. § 1231(a)(1)(A), nothing in this order should be construed as prohibiting petitioner from filing a new petition challenging his prolonged detention and addressing whether removal is reasonably foreseeable.

3. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: October 13, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE